IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6 | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 13-0336 |
| | : |
| THE PENNSYLVANIA STATE UNIVERSITY, | : |
| THE SECOND MILE, and | : |
| GERALD SANDUSKY | : |
| | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

AND NOW, this _____ day of _____, 2013, upon consideration of the Motion to Dismiss filed by Defendant The Pennsylvania State University, and any responses thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and Counts I and VI of Plaintiff's Complaint are **DISMISSED WITH PREJUDICE** as to Defendant The Pennsylvania State University.

Defendant The Pennsylvania State University shall answer the remaining Counts of the Complaint within thirty (30) days of the date of this Order.

BY THE COURT:

_____
Anita B. Brody, J.

1458349.7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

JOHN DOE 6                                              :
                                                        :
        Plaintiff,                                      :
                                                        :
    v.                                                  :   Civil Action No. 13-0336
                                                        :
THE PENNSYLVANIA STATE UNIVERSITY,                      :
THE SECOND MILE, and                                    :
GERALD SANDUSKY                                         :
                                                        :
                                                        :
                                                        :
        Defendants.                                     :

_____


**DEFENDANT THE PENNSYLVANIA STATE
UNIVERSITY'S MOTION TO DISMISS**

For the reasons set forth in the Memorandum of Law filed concurrently with this Motion, Defendant The Pennsylvania State University hereby moves this Court to Dismiss Counts I and VI of Plaintiff's Complaint.

                                          Respectfully submitted,


Date:  April 8, 2013                       /s James A. Keller
                                          Joseph F. O'Dea, Jr. (Atty. I.D. No. 48370)
                                          James A. Keller (Atty. I.D. No. 78955)
                                          Joshua W. B. Richards (Atty. I.D. No. 204315)
                                          Saul Ewing LLP
                                          Centre Square West
                                          1500 Market Street, 38th Floor
                                          Philadelphia, PA  19102
                                          *Counsel for The Pennsylvania State University*

1458349.7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE 6 <br><br> Plaintiff, <br><br> v. <br><br> THE PENNSYLVANIA STATE UNIVERSITY, THE SECOND MILE, and GERALD SANDUSKY <br><br> Defendants. | : <br> : <br> : <br> : <br> : Civil Action No. 13-0336 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE
PENNSYLVANIA STATE UNIVERSITY'S MOTION TO DISMISS**

Joseph F. O'Dea, Jr. (Atty. I.D. No. 48370)
James A. Keller (Atty. I.D. No. 78955)
Joshua W. B. Richards (Atty. I.D. No. 204315)
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
*Counsel for The Pennsylvania State University*

1458349.7

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ................................................................................................................. 1

LEGAL STANDARD .......................................................................................................... 1

ARGUMENT ...................................................................................................................... 2

    I.    Choice of Law ................................................................................................ 2

    II.   Count I -- Vicarious Liability -- Should Be Dismissed for Failure to
        State a Claim ................................................................................................. 2

    III.  Count VI -- Civil Conspiracy -- Should be Dismissed for Failure to
        State a Claim ................................................................................................. 4

CONCLUSION ................................................................................................................... 9

# **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..................................................................................................1, 2

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).....................................................................................................1

*Bro-Tech Corp. v. Thermax, Inc.*,
 651 F. Supp. 2d 378 (E.D.Pa. 2009)........................................................................5, 6

*Corrigan v. Methodist Hosp.*,
 853 F. Supp. 832 (E.D.Pa. 1994).............................................................................5, 7

*Doe v. Liberatore*,
 478 F. Supp. 2d 742 (M.D. Pa. 2007)......................................................................3, 4

*Doltz v. Harris & Assocs.*,
 280 F. Supp. 2d 377 (E.D.Pa. 2003)............................................................................5

*Giordano v. Claudio*,
 714 F. Supp. 2d 508 (E.D.Pa. 2010)............................................................................5

*Hammersmith v. TIG Ins. Co.*,
 480 F.3d 220 (3d Cir. 2007).........................................................................................2

*Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*,
 No. 07-1029, 2007 WL 4394447 (E.D.Pa. Dec. 13, 2007)..........................................6

*Keddie v. Pa. State Univ.*,
 412 F. Supp. 1264 (M.D.Pa. 1976).........................................................................7, 8

*Kerchner v. Obama*,
 612 F.3d 204 (3d Cir. 2010).........................................................................................1

*Klaxon v. Stentor Elec. Mfg. Co.*,
 313 U.S. 487 (1941).....................................................................................................2

*Specialty Surfaces Int'l v. Cont'l Cas. Co.*,
 609 F.3d 223 (3d Cir. 2010).........................................................................................2

*Spitzer v. Abdelhak*,
 No. 98-6475, 1999 WL 1204352 (E.D.Pa. Dec. 15, 1999).........................................6

*Wells v. Thomas*,
 569 F. Supp. 426 (E.D.Pa. 1983).............................................................................7, 8

## STATE CASES

*Ashoff v. Gobel*,
  23 Pa. D. & C. 4th 300 (Allegheny C.P.), *aff'd*, 676 A.2d 276 (Pa. Super. Ct. 1995) .............. 6

*Baker v. Rangos*,
  324 A.2d 498 (Pa. Super. Ct. 1974) ................................................................................ 6

*Brezenski v. World Truck Transfer, Inc.*,
  755 A.2d 36 (Pa. Super. Ct. 2000) ................................................................................. 4

*Fitzgerald v. McCutcheon,*
  410 A.2d 1270 (Pa. Super. Ct. 1979) ............................................................................. 3

*Goldstein v. Phillip Morris, Inc.*,
  854 A.2d 585 (Pa. Super. Ct. 2004) ............................................................................... 5

*Morris v. Meyers*,
  6 Pa. D. & C. 5th 92 (Centre C.P. 2008), *aff'd*,
  981 A.2d 1014 (Pa. Commw. Ct. 2009) ........................................................................ 6

*Novic v. Fenics,*
  11 A.2d 871 (Pa. 1940) .................................................................................................. 6

*Petula v. Mellody*,
  588 A.2d 103 (Pa. Commw. Ct. 1991) ....................................................................... 5, 6

*R.A. ex rel. N.A. v. First Church of Christ*,
  748 A.2d 692 (Pa. Super. Ct. 2000) ............................................................................ 3, 4

*Reading Radio, Inc. v. Fink,*
   833 A.2d 199 (Pa. Super. Ct. 2003) .............................................................................. 6

*Rutherfoord v. Presbyterian-Univ. Hosp.*,
  612 A.2d 500 (Pa. Super. Ct. 1992) ............................................................................ 7, 8

*Sanchez by Rivera v. Montanez*,
  645 A.2d 383 (Pa. Commw. Ct. 1994) ....................................................................... 3, 4

*Smith v. Wagner*,
  588 A.2d 1308 (Pa. Super. Ct. 1991) ............................................................................. 6

*Thompson Coal Co. v. Pike Coal Co.*,
  412 A.2d 466 (Pa. 1979) ............................................................................................ 5, 6

1458349.7

## PRELIMINARY STATEMENT

Defendant The Pennsylvania State University ("University") files this motion to dismiss Counts I and VI of Plaintiff's Complaint.

The University previously filed a motion to stay this entire civil action. The Court denied that motion; a motion for reconsideration is pending. If the Court grants reconsideration and issues a stay, this motion will be put on hold. If not, the University requests that Counts I and VI be dismissed. Plaintiff has not adequately pled his claims for vicarious liability or civil conspiracy as a matter of law.

## BACKGROUND

This case involves contact in a shower in 1998 between former University football coach Gerald Sandusky and the Plaintiff. Plaintiff filed this action about fifteen years later on January 22, 2013, and asserts claims against Sandusky, charity The Second Mile, and the University.

Plaintiff states six counts for relief against the University: (1) vicarious liability; (2) negligence; (3) negligent supervision; (4) premises liability; (5) intentional infliction of emotional distress; and (6) civil conspiracy. Count I (vicarious liability) and Count VI (civil conspiracy) fail as a matter of law.

## LEGAL STANDARD

On a motion to dismiss, a court must accept all factual allegations as true and construe a complaint in the light most favorable to the plaintiff. *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010). The court should deny the motion only if there is a reasonable reading of the complaint under which the plaintiff may be entitled to relief. *Id.* In order to survive a 12(b)(6) motion, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

1458349.7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT

### I. Choice of Law

A federal court sitting in diversity applies the choice of law rules of the forum state. *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 226 (3d Cir. 2007) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)).  Pennsylvania applies a "flexible [choice of law] rule which permits analysis of the policies and interests underlying the particular issue before the court and directs courts to apply the law of the state with the most interest in the problem." *Specialty Surfaces Int'l v. Cont'l Cas. Co.*, 609 F.3d 223, 229 (3d Cir. 2010) (internal quotation marks omitted).  Here, the events alleged in the Complaint all purportedly occurred in Pennsylvania, and all defendants are domiciled in Pennsylvania.  No other state has any relationship to Plaintiff's claims.  As Pennsylvania has the greatest interest in this action, Pennsylvania law should govern Plaintiff's claims.

### II. Count I -- Vicarious Liability -- Should Be Dismissed for Failure to State a Claim

An employer may be vicariously liable for torts committed by its employee within the scope of his employment under certain circumstances, but never when the wrong committed is excessive, dangerous, and undertaken for personal reasons rather than being actuated by a desire to perform the business of the employer.  It is a matter of settled law in Pennsylvania that an

employee's alleged sexual abuse of a minor cannot give rise to vicarious liability for his employer. *See R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692, 700-01 (Pa. Super. Ct. 2000). Such conduct simply cannot, as a matter of Pennsylvania law and of public policy, be within the scope of anyone's employment.

In *First Church of Christ*, a child who was allegedly sexually abused by a minister brought negligence and vicarious liability claims against the church that employed the minister. In dismissing the plaintiff's vicarious liability claims, the Superior Court emphasized that with a sexual abuse claim, "Pennsylvania law concerning the extent to which an employer is vicariously liable for the actions of its employee is well-established and ***crystal clear***." 748 A.2d at 699 (emphasis added). Where "the employee commits an act encompassing the use of force which is excessive and so dangerous as to be totally without responsibility or reason, the employer is not responsible as a matter of law." *Id.* (citing *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1272 (Pa. Super. Ct. 1979)). Crimes of sexual molestation of a child, the Court held, cannot, as a matter of law and policy, subject an employer to vicarious liability. *Id.* at 700 (collecting cases).

The *First Church* noted an analogous opinion of the Commonwealth Court of Pennsylvania which dismissed claims sounding in vicarious liability against a community action agency whose employee had molested a child. *Id.* (citing *Sanchez by Rivera v. Montanez*, 645 A.2d 383 (Pa. Commw. Ct. 1994)). The *Sanchez* court "summarily dismissed" plaintiff's argument with respect to vicarious liability because the employee's actions in molesting a child were, as a matter of law, "outrageous and motivated purely by personal reasons." *First Church*, 748 A.2d at 700; *Sanchez*, 645 A.2d at 388. The *First Church* court explained that it "need not tarry long in reaching the same conclusion." *First Church*, 748 A.2d at 700; *see also Doe v. Liberatore*, 478 F. Supp. 2d 742, 758 (M.D. Pa. 2007) (holding that "it is clear that [the

defendant's] sexual molestation of [the plaintiff] was not within the scope or nature of his employment," and thus the Dioceses could not be vicariously liable as a matter of law).

This case is indistinguishable from *First Church, Sanchez,* and *Liberatore*. The allegations of the complaint are replete with averments of sexual abuse, molestation, victimization, and "deviant behavior." *See*, *e.g.*, Compl. ¶¶ 19, 21, 23, 24, 30-31. At paragraph 82 of the Complaint, Plaintiff *specifically* alleges that Sandusky's acts were "outrageous." *See First Church*, 748 A.2d at 699-700 (explaining settled principle of law that "outrageous" acts cannot subject an employer to vicarious liability as a matter of law).

Plaintiff also specifically avers that Sandusky "victimiz[ed] minor boys for **his own** sexual gratification." Compl. ¶ 25; *see also id.* at ¶ 37 ("This and virtually all of Sandusky's interaction with Plaintiff on this date was for the purpose of sexually gratifying Sandusky"); *id.* at ¶ 108 (same). Plaintiff's own allegations are that (1) Sandusky's acts were "deviant", not within the scope of his employment; (2) were actuated for Sandusky's own purposes, not at the behest of his employer; and (3) were outrageous and excessive. These allegations cannot support a claim sounding in vicarious liability against the University as a matter of law and policy. *See First Church*, 748 A.2d at 699-700; *see also Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 39 (Pa. Super. Ct. 2000) ("if the act is done for personal reason, or in an outrageous manner, it is not done within the scope of employment").

Count I of the Complaint should be dismissed as to the University.

### III.   Count VI -- Civil Conspiracy -- Should be Dismissed for Failure to State a Claim

Count VI of Plaintiff's Complaint should also be dismissed because Plaintiff has not alleged sufficient facts to support a claim for civil conspiracy. Plaintiff has not alleged, as he must, that the sole purpose of the purported conspiracy was to harm him—in fact, he specifically

4

alleges to the contrary.  Moreover, Plaintiff posits a conspiracy between the University and Sandusky, but it is axiomatic that an entity cannot conspire with itself or its employees, and Plaintiff alleges that Sandusky was an employee of the University at the time of purported conspiracy.  Finally, Plaintiff does not allege any overt acts in furtherance of the conspiracy with the specificity required under the law.

To state a claim for civil conspiracy under Pennsylvania law, a plaintiff must plead: (1) a combination of two or more persons acting with a common purpose to engage in an unlawful act, or to engage in a lawful act by unlawful means or for an unlawful purpose; (2) an overt act in furtherance of the common purpose; and (3) actual damages.  *Doltz v. Harris & Assocs.*, 280 F. Supp. 2d 377, 389 (E.D.Pa. 2003); *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. Ct. 2004); *see also  Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979).

In order to properly allege the first prong of a civil conspiracy, a plaintiff must allege malice – i.e., an intent to injure the plaintiff without justification.  *Goldstein,* 854 A.2d at 590; *Petula v. Mellody*, 588 A.2d 103, 107 (Pa. Commw. Ct. 1991) (citing *Thompson Coal,* 412 A.2d at 472).  Merely stating that the defendant's conduct was malicious is insufficient to support a proper inference of malice.  To be characterized as malice, the *sole purpose* of the conspiracy must be to harm the plaintiff.  *See Corrigan v. Methodist Hosp.*, 853 F. Supp. 832, 837 (E.D.Pa. 1994) (holding that malice cannot be inferred merely because defendants derived a financial benefit from the acts underlying the alleged conspiracy); *Petula*, 588 A.2d at 107 (explaining malice means an intent to harm); *Doltz*, 280 F. Supp. 2d at 389 (same).  Indeed, allegations that a purported conspirator acted for its own benefit will *preclude* a finding of malice.  *See Giordano v. Claudio*, 714 F. Supp. 2d 508, 534 (E.D.Pa. 2010) (citing *Bro-Tech Corp. v. Thermax, Inc.*,

651 F. Supp. 2d 378, 419 (E.D.Pa. 2009); *Spitzer v. Abdelhak*, No. 98-6475, 1999 WL 1204352, at *9 (E.D.Pa. Dec. 15, 1999)); *see also Thompson Coal*, 412 A.2d at 472.

Where a plaintiff is unable to assert direct evidence of a conspiracy, he may allege facts that, if proved, will support an inference of the combination and its malicious intent. *See Smith v. Wagner*, 588 A.2d 1308, 1311-12 (Pa. Super. Ct. 1991); *Reading Radio, Inc. v. Fink,* 833 A.2d 199, 212 (Pa. Super. Ct. 2003). Those facts, however, must be ***specific***: a plaintiff must set forth supporting facts that strongly suggest conspiratorial conduct was occurring prior to the alleged harm, such as meetings, conferences, telephone calls, and signatures on writings, or other facts from which conspiratorial conduct can be inferred. *Petula*, 588 A.2d at 107; *Ashoff v. Gobel*, 23 Pa. D. & C. 4th 300, 307 (Allegheny C.P.), *aff'd,* 676 A.2d 276 (Pa. Super. Ct. 1995); *see also Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, No. 07-1029, 2007 WL 4394447, at *10 (E.D.Pa. Dec. 13, 2007) ("a plaintiff must allege particularized facts, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose.") (internal quotation omitted); *Morris v. Meyers*, 6 Pa. D. & C. 5th 92, 97 (Centre C.P. 2008) (plaintiffs must "allege with particularity and present material facts which show that the supposed conspirators reached some agreement or plotted, planned, and conspired together to deprive plaintiff"), *aff'd*, 981 A.2d 1014 (Pa. Commw. Ct. 2009). Moreover,

> [w]hen (a) plaintiff . . . relies on subsequent acts to establish the conspiracy, these acts must be such as to clearly indicate the prior collusive combination . . ., ***not slight circumstances of suspicion***, and these subsequent acts must be such as to warrant the belief and justify the conclusion that the subsequent acts were done in furtherance of the unlawful combination . . . .

*Baker v. Rangos*, 324 A.2d 498, 506 (Pa. Super. Ct. 1974) (quoting *Novic v. Fenics*, 11 A.2d 871, 874 (Pa. 1940)) (emphasis added).

6

Finally, a single entity cannot conspire with itself, and, similarly, agents of a single entity cannot conspire among themselves. *See Rutherfoord v. Presbyterian-Univ. Hosp.*, 612 A.2d 500, 508 (Pa. Super. Ct. 1992); *Wells v. Thomas*, 569 F. Supp. 426, 436 (E.D.Pa. 1983); *Keddie v. Pa. State Univ.*, 412 F. Supp. 1264, 1276 (M.D.Pa. 1976). In *Keddie*, the District Court for the Middle District of Pennsylvania analyzed claims by a professor against the Pennsylvania State University, its president, the dean of the University's liberal arts college, and five members of a faculty committee. The court dismissed the plaintiff's claim for civil conspiracy because the challenged conduct—solely by and among employees of the University—was the act of a single entity: "A university cannot conspire with itself any more than a person or corporation can," the Court explained. *Id.*

Consistent with the foregoing, Plaintiff's claims for conspiracy fail for at least three reasons. *First*, Plaintiff does not allege, even in conclusory fashion, that the University's purpose in purportedly conspiring to harm him was actuated by malice. *See* Compl. ¶¶ 141, 149. Instead, Plaintiff alleges that the University conspired with Sandusky and other "individuals at Penn State not presently named as defendants," Compl. ¶ 138, because they knew:

> (a) a sexual assault on Penn State premises by a member of the Penn State faculty could subject the University to liability (b) disclosure of the incident would lead to an investigation of other unlawful acts committed by Sandusky on Penn State premises while he was a Penn State employee, and that such an investigation could subject the University to liability [and] (c) disclosure would lead to an investigation of Penn State's code/culture of silence in which Sandusky was permitted to abuse children with impunity.

Compl. ¶ 141. Plaintiff not only fails to allege, as he must, that the "sole purpose" of the University's purported conspiratorial acts was to harm him, *see Corrigan*, 853 F. Supp. at 837, but fails to allege even that the University acted with the intent to harm him. Under the facts as Plaintiff pleads them, the University's purported purpose in undertaking the alleged "conspiracy"

7

was motivated wholly by self interest—the fear of liability, implied negative press coverage, and an investigation of its purported "culture of silence." Plaintiff explicitly pleads only that the University acted with reckless indifference, Compl. ¶ 149, which, even if taken as true, does not suffice to state a claim for civil conspiracy. Nowhere does Plaintiff even allege, let alone allege credible facts, that the University's purpose was actuated by malice against him. Plaintiff's civil conspiracy claim accordingly fails for this reason alone.

*Second*, it is well settled that an entity cannot conspire with itself. In support of his civil conspiracy claim, Plaintiff contends that "Defendants Penn State and Sandusky . . . acted with a common purpose, and conspired . . . ." Compl. ¶ 138. Plaintiff likewise alleges explicitly that Sandusky committed the "unlawful acts" underlying the conspiracy "while he was a Penn State employee." Compl. ¶ 141. Even accepting all of Plaintiff's allegations as true, because Plaintiff merely alleges that members of a single organization acted in concert, his claim for civil conspiracy fails as a matter of law. *See Rutherfoord*, 612 A.2d at 508; *Wells*, 569 F. Supp. at 436;; *Keddie*, 412 F. Supp. at 1276.

*Third*, Plaintiff's civil conspiracy claim fails because he has alleged no specific, overt act in furtherance of the conspiracy. As explained above, allegations of the overt acts in support of a conspiracy claim must be specific. Plaintiff makes no such allegation, instead simply relying on Sandusky's employment at the University as support that Sandusky and the University were conspiring. *See* Compl. ¶¶ 105-09. Such allegations do not and cannot suffice.

## CONCLUSION

For all the foregoing reasons, the University respectfully requests that this Court dismiss Counts I and VI of Plaintiff's Complaint.

Respectfully submitted,

Date:  April 8, 2013

/s James A. Keller
Joseph F. O'Dea, Jr. (Atty. I.D. No. 48370)
James A. Keller (Atty. I.D. No.  78955)
Joshua W. B. Richards (Atty. I.D. No. 204315)
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
*Counsel for The Pennsylvania State University*

## CERTIFICATE OF SERVICE

I, James A. Keller, hereby certify that a true and correct copy of the foregoing Motion to Dismiss and brief in support thereof was filed via the ECF filing system which constitutes valid service upon the following registered users:

Hal Kleinman, Esquire
Janet Jenner & Suggs LLC
1829 Reistertown Rd Ste 320
Baltimore, MD  21208
*Counsel for Plaintiff*

Howard A. Rosenthal, Esquire
Archer & Greiner, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA  19103
*Counsel for The Second Mile*

And sent by First-Class Mail to:

Gerald Sandusky
130 Grandview Avenue
State College, PA 16801-7011

Date:  April 8, 2013               /s James A. Keller
                                   James A. Keller

1458349.7