IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6<br><br>    Plaintiff,<br><br>    v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY,<br>THE SECOND MILE, and<br>GERALD SANDUSKY<br><br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 13-0336<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**REPLY BRIEF IN SUPPORT OF DEFENDANT THE
PENNSYLVANIA STATE UNIVERSITY'S MOTION TO DISMISS (# 37)**

Joseph F. O'Dea, Jr. (Atty. I.D. No. 48370)
James A. Keller (Atty. I.D. No. 78955)
Joshua W. B. Richards (Atty. I.D. No. 204315)
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
*Counsel for The Pennsylvania State University*

# TABLE OF CONTENTS

Argument ........................................................................................................................................ 1

    I.     Plaintiff Misapprehends the Legal Standard for Vicarious Liability ............................ 1

          a.   Vicarious Liability and Negligence Are Distinct Legal Theories ........................... 1

          b.   Plaintiff's Categorical Argument that Questions of Course and Scope
Must Go to a Jury is Incorrect ................................................................................ 3

          c.   The Posture of the Case Is Immaterial Because Plaintiff's Claims Are
Barred as a Matter of Law ...................................................................................... 4

          d.   Plaintiff's Arguments Regarding "Ratification" Are Misleading and Incorrect ..... 5

    II.    Patel Is Neither Controlling Nor On Point ................................................................... 6

    III.   Plaintiff Fails to Allege a Claim for Conspiracy ......................................................... 7

          a.   Plaintiff has not Pleaded Malice ............................................................................. 7

          b.   Plaintiff Fails to Allege any Affirmative Acts with the Required Specificity ........ 8

Conclusion ..................................................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................4

*Doe v. Liberatore*,
  478 F. Supp. 2d 742 (M.D. Pa. 2007)..............................................................3, 4, 7

*Joseph M. v. Ne. Educ. Intermediate Unit 19*,
  516 F. Supp. 2d 424 (M.D. Pa. 2007)..............................................................4, 5, 6

*Norton v. Railway Express Agency, Inc.*,
  412 F.2d 112 (3d Cir. 1969) ........................................................................................3

*RDK Truck Sales & Serv. Inc. v. Mack Trucks, Inc.*,
  No. 04-4007, 2009 WL 1441578 (E.D. Pa. May 19, 2009) ......................................7, 8

## STATE CASES

*Aiello v. Ed Saxe Real Estate, Inc.*,
  499 A.2d 282 (Pa. 1985).............................................................................................1

*Alumni Ass'n, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan*,
  535 A.2d 1095 (Pa. Super. Ct. 1987), *aff'd*, 572 A.2d 1209 (Pa. 1990) ....................5

*Brezenski v. World Truck Transfer, Inc.*,
  755 A.2d 36 (Pa. Super. Ct. 2000)..........................................................................1, 7

*Dempsey v. Walso Bureau, Inc.*,
  246 A.2d 418 (Pa. 1968).............................................................................................2

*Dillow v. Myers*,
  916 A.2d 698 (Pa. Super. Ct. 2007).............................................................................2

*Fitzgerald v. McCutcheon*,
  410 A.2d 1270 (Pa. Super. Ct. 1979)..............................................................3, 4, 6, 7

*Goldstein v. Phillip Morris, Inc.*,
  854 A.2d 585 (Pa. Super. Ct. 2004).............................................................................7

*Heller v. Patwil Homes, Inc.*,
  713 A.2d 105 (Pa. Super. Ct. 1998).............................................................................2

*Nardella v. Dattilo*,
  36 Pa. D. & C. 4th 364 (Dauphin C.C.P. 1997) ..........................................................6

*Patel v. Himalayan International Institute of Yoga Science and Philosophy of the USA*,
  No. 94-1118, 1999 WL 33747891 (M.D. Pa. Dec. 9, 1999) ......6, 7

*Petula v. Mellody*,
  588 A.2d 103 (Pa. Commw. Ct. 1991) ......8

*R.A. ex rel. N.A. v. First Church of Christ*,
  748 A.2d 692 (Pa. Super. Ct. 2000) ......3, 4, 6, 7

*Sabric v. Lockheed Marti*,
  No. 09-02237, 2010 WL 569574 (M.D. Pa. Feb. 12, 2010) ......5

*Sanchez by Rivera v. Montanez*,
  645 A.2d 383 (Pa. Commw. Ct. 1994) ......3, 4, 6

*Thompson Coal Co. v. Pike Coal Co.*,
  412 A.2d 466 (Pa. 1979) ......7, 8

The facts pleaded by Plaintiff in his Complaint do not support a claim for either vicarious liability or conspiracy as a matter of law. No amount of discovery can change these threshold legal deficiencies. Defendant The Pennsylvania State University (the "University") respectfully requests that the Court dismiss Counts I and VI, and in Reply to Plaintiff's Opposition, argues as follows.

## ARGUMENT

### I. Plaintiff Misapprehends the Legal Standard for Vicarious Liability

#### a. Vicarious Liability and Negligence Are Distinct Legal Theories

Theories of negligence and other direct-liability torts are separate and distinct from claims sounding in *respondeat superior*, i.e. vicarious liability. *See Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 39 (Pa. Super. Ct. 2000) (explaining that "*respondeat superior* and negligence . . . are two distinct claims."). While negligence standards impose liability on an actor for its own conduct, vicarious liability is different. It imposes liability not because of any direct misdeed, but rather because a defendant's employee committed a harm and the law has seen fit that in some circumstances, as a matter of policy, the employer, rather than the victim, should bear the cost of those harms. *See Aiello v. Ed Saxe Real Estate, Inc.*, 499 A.2d 282, 285 (Pa. 1985). A defendant may have vicarious liability for a harm for which it was not negligent, and a defendant may have liability in negligence with no vicarious liability. The two causes of action are different animals with different purposes and run on wholly separate tracks. *See Brezenski*, 755 A.2d at 39.

Plaintiff correctly identifies the standard for whether, for purposes of vicarious liability, an employee's act is within the scope of his employment,[1] but then strays afield and recites the legal standard for a *negligence* duty owed to a third party for the acts of an employee. *See* Plaintiff's Opposition to Defendant Penn State University's Motion to Dismiss (Doc. No. 40) ("Opposition" or "Pl. Br.") at 7 (discussing at length standards under Restatement (Second) of Torts § 317 and citing two negligence cases[2]). Although Restatement § 317 may have some bearing on Counts II and III of Plaintiff's Complaint, it is immaterial to his vicarious liability claim.

Following his discussion of an inapplicable standard, and without citation to his Complaint, Plaintiff concludes that "[a]pplying the above stated principles to the instant action, Plaintiff has sufficiently pled that the Defendant Sandusky's conduct occurred during the scope of his employment." Pl. Br. at 7. Apart from the lack of any analysis or citation as to *how* his allegations meet the (mistaken) legal standard recited, this conclusion is wholly unsupported, for nowhere in Plaintiff's Complaint does he allege that Sandusky's purported assault on him was (1) the "kind and nature" of act Sandusky was employed by the University to perform; (2) was actuated by a desire to serve the University's interests; or (3) was *expected* by the University before the assault occurred. *See id.* (citing *Dillow v. Myers*, 916 A.2d 698, 700 (Pa. Super. Ct.

---

[1] An employer may be vicariously liable for the act of an employee where the act (1) is of a kind and nature that the employee is employed to perform; (2) occurs substantially within the authorized time and space limits; (3) is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer. *See* Pl. Br. at 7 (citing *Dillow v. Myers*, 916 A.2d 698, 700 (Pa. Super. Ct. 2007))

[2] Plaintiff cites *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 419 (Pa. 1968) and *Heller v. Patwil Homes, Inc.*, 713 A.2d 105, 108 (Pa. Super. Ct. 1998). Both cases bear on whether an employer has been negligent in failing to control an employee. Neither case analyzes vicarious liability.

2007) (explaining the legal standard for vicarious liability)). Failure to plead even one of these elements would be fatal to Plaintiff's claim. Plaintiff fails to plead all three.

It is ultimately unsurprising that Plaintiff does not so plead because to do so would require allegations that Sandusky was employed for the *purpose* of assaulting young boys. The patent inapplicability of such an argument in childhood sex abuse cases has been recognized by court after court in the Commonwealth of Pennsylvania and in the federal courts. *See* Motion to Dismiss (Doc. No. 37) ("Motion," and the accompanying Memorandum of Law, "Def. Br.") at 3-4. Childhood sexual abuse cannot subject an employer to vicarious liability because childhood sex abuse is categorically abhorrent, excessive, and dangerous, and where an "employee commits an act encompassing the use of force which is excessive and so dangerous as to be totally without responsibility or reason," the employer cannot be vicariously liable. *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271-72 (Pa. Super. Ct. 1979); *see also Doe v. Liberatore*, 478 F. Supp. 2d 742, 758 (M.D. Pa. 2007); *R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692, 699-700 (Pa. Super. Ct. 2000); *Sanchez by Rivera v. Montanez*, 645 A.2d 383, 388 (Pa. Commw. Ct. 1994). Plaintiff has failed to state a claim for vicarious liability, and his claim should be dismissed.

      b. Plaintiff's Categorical Argument that Questions of Course and Scope Must Go to a Jury is Incorrect

Plaintiff argues that questions of "course and scope"—here, whether or not assaulting children is the "kind and nature" of act employees could be employed to perform, or whether such childhood assaults serve employers' interests—are questions for the jury. *See* Pl. Br. at 9-10 (citing *Norton v. Railway Express Agency, Inc.*, 412 F.2d 112 (3d Cir. 1969)). Plaintiff, however, overlooks the groundswell of precedent holding that such acts are outside the scope of employment ***as a matter of law***:

> Whether a person acted within the scope of employment is *ordinarily* a question for the jury. *Where, however, the employee commits an act encompassing the use of force which is excessive and so dangerous as to be totally without responsibility or reason, the employer is not responsible as a matter of law.* If an assault is committed for personal reasons or in an outrageous manner, it is not actuated by an intent of performing the business of the employer and is not done within the scope of employment.

*Fitzgerald*, 410 A.2d at 1271-72 (internal citations omitted) (emphases added); *accord Joseph M. v. Ne. Educ. Intermediate Unit 19*, 516 F. Supp. 2d 424, 446 (M.D. Pa. 2007) (dismissing vicarious liability claims on 12(b)(6) motion where school employee assaulted student).

Plaintiff's claims, as pleaded, establish that Sandusky's use of force was "excessive and . . . dangerous." *See* Def. Br. at 4. Plaintiff himself has affirmatively pleaded that Sandusky's acts were outrageous. *Compare* Pl. Br. at 13 ("The requested relief precludes plaintiff from . . . establishing that the conduct was not 'outrageous'") *with* Compl. ¶ 81 ("Sandusky used his status and connections with Penn State to perpetuate his criminally outrageous and depraved acts"); *see also* Compl. at ¶¶ 81, 82, 88, 89, 90, 92, 95. Plaintiff therefore cannot be heard to contest that his claims fall outside the bounds of vicarious liability as a matter of law.

    c. The Posture of the Case Is Immaterial Because Plaintiff's Claims Are Barred as a Matter of Law

Plaintiff seeks to avoid the reality that every childhood sexual abuse case decided by the courts of the Commonwealth of Pennsylvania for the last twenty years has rejected the application of vicarious liability by arguing that the cases cited in Defendant's Motion were in a summary judgment posture. *See* Pl. Br. at 10. In *Liberatore*, *First Church*, and *Sanchez*, facts of record made clear that the acts at issue fell outside the scope of employment. In this case, Plaintiff affirmatively *pleads* such facts. It does not follow from the *Liberatore*, *First Church*, and *Sanchez* defendants' failure to seek dismissal in those cases that Plaintiff's claims here may not be dismissed as a matter of law. The posture of the case changes only those facts the Court

4

must accept as true for purposes of a motion. Here, obliged to accept as true all well-pleaded facts alleged in the Complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Court is likewise obliged to find, as a matter of law, that Plaintiff's allegations as pleaded *cannot* suffice to state a claim for vicarious liability.

### d. Plaintiff's Arguments Regarding "Ratification" Are Misleading and Incorrect

Finally, at the tail end of his argument regarding vicarious liability, Plaintiff argues that the University "entirely ignores its ratification of Sandusky's actions." Pl. Br. at 13. No leading case on vicarious liability for sexual abuse bears on the concept of "ratification," and Plaintiff cites a single case, *Sabric v. Lockheed Martin*, in support of his argument that allegations of ratification are sufficient to preserve his claims. Careful reading of *Sabric*, and the cases *Sabric* relies upon, however, reveals that *Sabric* merely cites a footnote noting in dicta that where a party attempts to establish *an agency relationship*, a court may consider whether the principal ratified the conduct. *See* No. 09-02237, 2010 WL 569574, at *5 (M.D. Pa. Feb. 12, 2010) (citing *Alumni Ass'n, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan*, 535 A.2d 1095, 1100 n.2 (Pa. Super. Ct. 1987), *aff'd*, 572 A.2d 1209 (Pa. 1990)). As prerequisite to a showing that a principal may be vicariously liable in the absence of an employer-employee relationship, a Plaintiff must show that the actor was acting as an agent. To prove this agency relationship:

> a complainant must allege, as a minimum, facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or, if unauthorized, were ratified by the principal.

*Alumni*, 535 A.2d. at 1100 n.2. Satisfying this standard, however, does not establish vicarious liability—it merely establishes the prerequisite relationship between defendant and wrongdoer such that a vicarious liability claim may be asserted. *Sabric* stands alone in extending this issue from agency law to vicarious liability. Indeed, the case principally relied upon by *Sabric*'s

5

vicarious liability analysis, *Joseph M. v. Northeastern Education Intermediate Unit 19*, rejected such arguments, and reiterated precisely the standards that are fatal to Plaintiff's claim:

> Where, however, the employee commits an act encompassing the use of force which is excessive and so dangerous as to be totally without responsibility or reason, the employer is not responsible as a matter of law. Indeed, a master is not liable for the willful misconduct of his servant, and that such willful misconduct, while it may be within the course of the employment, is not within the scope thereof. In addition, Pennsylvania courts have held that an assault committed by an employee upon another for personal reasons or in an outrageous manner is not actuated by an intent to perform the business of the employer and, as such, is not within the scope of employment.

516 F. Supp. 2d at 445-46 (citing, *inter alia*, *Fitzgerald*, 410 A.2d at 1272; *Sanchez*, 645 A.2d at 391; *First Church*, 748 A.2d at 699) (internal marks omitted). Allegations of ratification cannot revive Plaintiff's vicarious liability claims because Plaintiff's own allegations establish that Sandusky's actions were "outrageous," and engaged in "for personal reasons." Plaintiff's arguments to the contrary fail based on his own pleading and as a matter of law.

### II. *Patel* Is Neither Controlling Nor On Point

In *Patel v. Himalayan International Institute of Yoga Science and Philosophy of the USA*, the defendant Institute sought a new trial following a jury verdict finding[3] that the head of the Institute acted within the scope of his employment when he engaged in unwelcome sexual relations with an adult student. No. 94-1118, 1999 WL 33747891, at *7-8 (M.D. Pa. Dec. 9, 1999). *Patel*, however, provides no support for Plaintiff – its facts are simply too singular and

---

[3] As the court in *Patel* explained, where a party "seeks a new trial on the basis that the verdict is against the weight of the evidence, the court's power to overturn the jury's award is severely circumscribed." *Id.* (internal citations and marks omitted). The Court here is not subject to this deferential standard of review, and may consider Plaintiff's allegations as pleaded in determining whether his claims are barred as a matter of law.

far afield to be relevant here.[4] Plaintiff does not and could not allege that the University marketed sexual contact between Sandusky and young boys as part of its programs, but that was precisely the allegation in *Patel* – along with many others not present here[5] – that permitted the Court to determine that vicarious liability could apply. *See Patel*, 1999 WL 33747891, at *9. It was in the context of this and other highly bizarre and unique facts that the *Patel* court extended vicarious liability to an organization's controlling officer in a manner never done before or since in this Commonwealth or Circuit. Moreover, *Patel* cannot be squared with subsequent holdings in *Liberatore*,[6] *First Church* and *Brezenski*, and is thus an outlier on both the facts and on the law. *Patel* simply cannot bear the weight Plaintiff seeks to place on it.

### III. Plaintiff Fails to Allege a Claim for Conspiracy

#### a. Plaintiff has not Pleaded Malice

Malice is an essential element of a claim for conspiracy. *See, e.g., Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. Ct. 2004). As Plaintiff concedes, malice can only be

---

[4] In addition to *Patel*, Plaintiff purports to rely on *Nardella v. Dattilo*, 36 Pa. D. & C. 4th 364 (Dauphin C.C.P. 1997), but *Nardella* too is afield, as it does not bear on childhood sexual abuse.

[5] Likewise, Plaintiff here does not and cannot allege that: (1) Sandusky "was the de facto and de jure head" of the University; (2) Sandusky "had total authority, choosing the members of the Board of Directors and the [University's] officers;" (3) Sandusky "had final, mandatory and recommending powers in all . . . administrative matters" at the University; (4) "No other person within the [University] had authority greater than [Sandusky], including the Board of Directors," or that (5) Sandusky "intended to further the interests of the [University] by engaging in sexual relations" with Plaintiff. *Id.* at *2, 9-10. In short, Plaintiff's allegations against the University are nothing like the allegations made in *Patel*.

[6] Plaintiff's argument that "*Patel* is on all fours with this case," and that vicarious liability can apply in childhood sexual abuse cases, Pl. Br. at 8, has been made – word for word – and rejected, before. *Compare* Pl. Br. at 8-9 *with* Plaintiff's Brief In Opposition to Diocesan Defendants' Motion For Summary Judgment at 41-43 (Doc. No. 92), *Doe v. Liberatore*, No. 04-2427, 478 F. Supp. 2d 742 (M.D. Pa. Dec. 1, 2006). In *Liberatore*, the plaintiff argued that *Patel* "compel[ed]" the application of vicarious liability. The Middle District—the same court that decided *Patel* in the first instance—summarily rejected that argument. *Liberatore*, 478 F. Supp. 2d at 758 (citing *First Church*, 748 A.2d at 699; *Fitzgerald*, 410 A.2d at 1272).

found "when the sole purpose of the conspiracy is to cause harm to the party who has been injured." Pl. Br. at 16 (citing *RDK Truck Sales & Serv. Inc. v. Mack Trucks, Inc.*, No. 04-4007, 2009 WL 1441578, at *24 (E.D. Pa. May 19, 2009); *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979)). Plaintiff attempts to argue, incorrectly, that even where malice is not the sole purpose of the conspiracy, a claim may still survive. Pl. Br. at 18. What Plaintiff does not and cannot argue is that where a litigant fails to plead malice *at all*, a claim for conspiracy may lie.

Plaintiff mischaracterizes the University's Motion as follows: "Because Plaintiff alleged, in part, that the conspiracy entered into by Defendants was to shield Penn State and Sandusky from liability Defendant implies that this allegation negates the requirement that the sole purpose of the conspiracy was to injure plaintiffs." Pl. Br. at 18. But as explained at length in the University's Motion, "Plaintiff does not allege, even in conclusory fashion, that the University's purpose in purportedly conspiring to harm him was actuated by malice." Def. Br. at 7. It is of very little importance that, as in *RDK* or *Daniel Boone*, *see* Pl. Br. at 16-18, Plaintiff here has alleged that the University had a business purpose in purportedly conspiring. What is of paramount and dispositive importance is that there is literally no allegation of malice to be found in the Complaint. *See* Def. Br. at 7. Plaintiff's failure to address or attempt to refute this defect in his Complaint is fatal to his claim.

b. Plaintiff Fails to Allege any Affirmative Acts with the Required Specificity

Specifically-pleaded affirmative acts are essential for a conspiracy claim. *See Petula v. Mellody*, 588 A.2d 103, 107 (Pa. Commw. Ct. 1991) (citing *Thompson Coal*, 412 A.2d at 473). In his Opposition, Plaintiff points to three allegations in the Complaint, without citation, as support that he has alleged the requisite affirmative acts in support of his conspiracy claim:

- "Plaintiff's status as a victim of Sandusky was concealed, and no assistance or compensation was provided to the Plaintiff;"

- "Penn State and Sandusky did not disclose his sexual misconduct to the public;" and

- "In furtherance of the conspiracy Defendant Penn State affirmatively conferred upon Sandusky permission to use the University facilities, inviting children to utilize the facilities with him, unsupervised, during off-hours."

Pl. Br. at 16. None of these allegations support a claim for conspiracy. *First*, none of these allegations speak to any combination of effort; alleging merely that neither of two parties made a statement is not allegation that they affirmatively and jointly planned to fail to make a disclosure. *Second*, vague, unsubstantiated allegations cannot suffice to plead a cause of action for conspiracy. *See* Def. Br. at 6. None of the allegations identified by Plaintiff meet the standards required by the case law, and Plaintiff's claim accordingly fails.

## CONCLUSION

For all the foregoing reasons, as well as those reasons set forth at greater length in its Motion to Dismiss and accompanying Memorandum of Law, the University respectfully requests that this Court dismiss Counts I and VI of Plaintiff's Complaint.

Respectfully submitted,

Date: May 16, 2013

/s James A. Keller
Joseph F. O'Dea, Jr. (Atty. I.D. No. 48370)
James A. Keller (Atty. I.D. No. 78955)
Joshua W. B. Richards (Atty. I.D. No. 204315)
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
*Counsel for The Pennsylvania State University*

## CERTIFICATE OF SERVICE

I, James A. Keller, hereby certify that a true and correct copy of the foregoing Reply Brief in Support of Defendant The Pennsylvania State University's Motion to Dismiss was filed via the ECF filing system which constitutes valid service upon the following registered users:

Hal Kleinman, Esquire
Janet Jenner & Suggs LLC
1829 Reistertown Rd Ste 320
Baltimore, MD  21208
*Counsel for Plaintiff*

Howard A. Rosenthal, Esquire
Archer & Greiner, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA  19103
*Counsel for The Second Mile*

And sent by First-Class Mail to:

Gerald Sandusky
130 Grandview Avenue
State College, PA 16801-7011

Date: May 16, 2013

/s James A. Keller
James A. Keller

1463872.5