IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6<br><br>          Plaintiff,<br><br>    v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY, THE SECOND MILE, and GERALD SANDUSKY,<br><br>          Defendants. | Civil Action No. 13-0336 |

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of Defendant The Pennsylvania State University (the "University")'s Supplemental Motion to Compel Discovery and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

It is further ORDERED that

1. Plaintiff John Doe 6 is directed to preserve and maintain, and to direct his medical providers to preserve and maintain, all records regarding Plaintiff's medical history from birth to the present.

2. The University is authorized to fully investigate the collection, maintenance, preservation and destruction of Plaintiff's medical records in this case, including efforts made by Plaintiff and Plaintiff's counsel to locate and preserve Plaintiff's medical records, and, for some or all of the records that no longer exist, when, how and why the records were discarded, destroyed or lost. Such authorization includes, but is not limited to, the

University's ability to conduct depositions and serve document requests and other discovery requests related to this issue. The University may also seek discovery from Plaintiff's medical providers regarding the contents of any previously existing records relating to Plaintiff.

3. Plaintiff shall, within ten (10) days of the date of this Order, produce all records from the six (6) medical providers identified in "Exhibit A" to the University's Motion.

4. Plaintiff shall, within ten (10) days of the date of this Order, provide a verified interrogatory response giving a complete list of all of Plaintiff's medical providers from birth to present. Plaintiff's response shall be accompanied by a signed affidavit providing that, to the best of Plaintiff's recollection, the list is a full and complete list of Plaintiff's medical providers from birth to the present.

Failure to comply with this Order shall subject Plaintiff to sanctions upon further Order of the Court.

IT IS SO ORDERED

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6<br><br>        Plaintiff,<br><br>v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY, THE SECOND MILE, and GERALD SANDUSKY,<br><br>        Defendants. | Civil Action No. 13-0336 |

## DEFENDANT THE PENNSYLVANIA STATE UNIVERSITY'S
## SUPPLEMENTAL MOTION TO COMPEL DISCOVERY

Pursuant to the Court's instructions during the telephonic oral argument held on March 23, 2015 regarding Defendant The Pennsylvania State University (the "University")'s Motion to Compel, the University moves this Court for an Order: (1) directing that Plaintiff John Doe 6 preserve and maintain, and direct his medical providers to preserve and maintain, all records regarding Plaintiff's medical history from birth to the present; (2) granting authorization to the University to fully investigate the collection, maintenance, preservation and destruction of Plaintiff's medical records in this case, including efforts made by Plaintiff and Plaintiff's counsel to locate and preserve Plaintiff's medical records, and, for some or all of the records that no longer exist, when, how and why the records were discarded, destroyed or lost; (3) compelling Plaintiff to produce all records from the six medical providers identified in the accompanying "Exhibit A" filed separately under seal; and (4) compelling Plaintiff to provide a verified interrogatory response giving a complete list of all of Plaintiff's medical providers from birth to

-2-

present accompanied by an affidavit providing that, to the best of Plaintiff's recollection, the list is a full and complete list of Plaintiff's medical providers from birth to the present.

Defendant The Pennsylvania State University respectfully requests that the Court grant the University's Motion and enter the attached Order.

Respectfully submitted,

/s/ Gregory G. Schwab
Robert C. Clothier
Gregory G. Schwab
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, PA  19102
215 972-7777

*Attorneys for Defendant The Pennsylvania State University*

Date:  April 1, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6<br><br>Plaintiff,<br><br>v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY, THE SECOND MILE, and GERALD SANDUSKY,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 13-0336<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT THE PENNSYLVANIA STATE UNIVERSITY'S
SUPPLEMENTAL MOTION TO COMPEL DISCOVERY**

In Defendant The Pennsylvania State University's Motion to Compel (Doc. No. 112), the University moved this Court for an Order compelling Plaintiff John Doe 6 ("Plaintiff") to produce all medical records and identify all medical providers. The University also noted that Plaintiff's delay was actively prejudicing the University, due to the recent destruction of at least two significant mental health treatment providers' records long after Plaintiff filed this lawsuit and well before Plaintiff disclosed the providers' identities to the University. The University also sought an Order compelling Plaintiff to produce information (e.g., affidavits by and/or communications with such custodians) that shows the efforts, if any, made to locate Plaintiff's medical records and, if some or all of the records no longer exist, when, how and why the records were discarded, destroyed or lost.

-2-

On March 23, 2015, a telephonic oral argument was held regarding the University's Motion to Compel.[1] During the oral argument, in light of the serious discovery issues, delays, and destruction of certain significant records by at least two of Plaintiff's medical providers, the Court advised that it would issue an order that all of Plaintiff's medical records from birth to present must be maintained. *See Exhibit B* at p. 21.

Additionally, the Court advised that it would grant the University authorization to investigate the collection, maintenance, preservation and destruction of Plaintiff's medical records. *See id.* at pp. 13-18. Such authorization was noted to include, among other things, (1) obtaining Plaintiff's medical records from any medical treatment providers, (2) contacting Plaintiff's medical providers regarding their collection, maintenance, and destruction of records; (3) investigating (a) whether or not Plaintiff's counsel and his agents acted appropriately and (b) any communications Plaintiff's medical providers had with Plaintiff or others acting on his behalf, and (4) conducting depositions. *Id.* at pp. 15-18.

Additionally, in response to Plaintiff's repeated failure to provide records for numerous significant medical treatment providers, including mental health providers, the Court ruled that Plaintiff must provide all records for the six (6) most significant medical providers for whom Plaintiff had not provided records. *See id.* at pp. 22, 23.

Finally, in light of Plaintiff's failure to disclose a complete list of his medical providers in response to the University's interrogatories, the Court ruled that Plaintiff must provide the University with a verified interrogatory response giving a complete list of all of Plaintiff's medical providers from birth to present. The Court ruled that Plaintiff's response shall be

---

[1]   The transcript of the March 23, 2015 telephonic oral argument has been filed separately under seal as "Exhibit B" to this motion.

accompanied by a signed affidavit providing that, to the best of Plaintiff's recollection, the list is a full and complete list of Plaintiff's medical providers from birth to the present.

The Court further ordered the University to submit this Supplemental Motion to Compel with an order that memorialized its rulings made during the oral argument.

Accordingly, the University respectfully requests that the Court grant the University's Supplemental Motion to Compel and enter the attached proposed Order, setting forth the following:

- Directing Plaintiff John Doe 6 to preserve and maintain, and direct his medical providers to preserve and maintain, all records regarding Plaintiff's medical history from birth to the present;

- Granting authorization to the University to fully investigate the collection, maintenance, preservation, and destruction of Plaintiff's medical records in this case, including efforts made by Plaintiff and Plaintiff's counsel to locate and preserve Plaintiff's medical records, and, for some or all of the records that no longer exist, when, how and why the records were discarded, destroyed or lost. Such authorization would include, but is not limited to, conducting depositions as well as seeking discovery from those providers regarding the contents of any previously existing records;

- Ordering Plaintiff to produce all records from the six (6) medical providers identified in the accompanying Exhibit A filed separately under seal by the University; and

- Ordering Plaintiff to provide a verified interrogatory response giving a complete list of all of Plaintiff's medical providers from birth to present, accompanied by a

signed affidavit providing that, to the best of Plaintiff's recollection, the list is a full and complete list of Plaintiff's medical providers from birth to the present.

Respectfully submitted,

/s/   Gregory G. Schwab
Robert C. Clothier
Gregory G. Schwab
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, PA  19102
215 972-7777
*Counsel for Defendant*
*The Pennsylvania State University*

Date:  April 1, 2015

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing document with ECF and it is available therein for download by counsel for all parties, who are ECF subscribers.

                                    /s Gregory G. Schwab
                                    Gregory G. Schwab
                                    Attorney for Defendant
                                    The Pennsylvania State University

Date: April 1, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY,<br>THE SECOND MILE, and GERALD<br>SANDUSKY,<br><br>　　　　Defendants. | Civil Action No. 13-0336 |

CERTIFICATION PURSUANT TO LOCAL RULE 26(f)(1)

I, Gregory G. Schwab, certify that defendant Pennsylvania State University has made a reasonable effort to resolve this dispute with Plaintiff John Doe 6, but the parties have been unable to resolve the dispute. The University has repeatedly requested full responses to the interrogatories and document requests at issue, both over the phone and in writing. We have reached an impasse regarding these discovery requests.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Gregory G. Schwab
　　　　　　　　　　　　　　　　　　　　　　　　Gregory G. Schwab

Date: April 1, 2015

# EXHIBIT A
# FILED UNDER SEAL

# EXHIBIT B
# FILED UNDER SEAL