## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6 | : |
| Plaintiff, | : |
| v. | : Civil Action No. 13-0336 |
| THE PENNSYLVANIA STATE UNIVERSITY, THE SECOND MILE, and GERALD SANDUSKY, | : |
| Defendants. | : |

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of defendant The Pennsylvania State University's Motion for Sanctions Against Plaintiff Pursuant to Federal Rule of Civil Procedure 37, and any response thereto, it is ORDERED that the Motion is GRANTED.

It is further ORDERED that Doe 6 shall be precluded from arguing or offering evidence at any point in this case that he has since 2014 suffered, is currently suffering, or will in the future suffer, any emotional, mental, or psychological harm as a result of any action by defendants.

It is further ORDERED that plaintiff John Doe 6 shall pay defendant The Pennsylvania University's costs and attorney's fees related to its Motion for Sanctions as well as the University's Motion to Compel (Doc. No. 112) and the University's Supplemental Motion to Compel (Doc. No. 121).

IT IS SO ORDERED.

_____
                                                    J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE 6                                        :
                                                  :
              Plaintiff,                          :
                                                  :
       v.                                         :
                                                  :  Civil Action No. 13-0336
THE PENNSYLVANIA STATE UNIVERSITY,                :
THE SECOND MILE, and GERALD                       :
SANDUSKY,                                         :
                                                  :
              Defendants.                         :
                                                  :
                                                  :

## ORDER [ALTERNATIVE OPTION]

AND NOW, this _____ day of _____, 2015, upon consideration of

defendant The Pennsylvania State University's Motion for Sanctions Against Plaintiff Pursuant

to Federal Rule of Civil Procedure 37, and any response thereto, it is ORDERED that the Motion

is GRANTED.

It is further ORDERED that plaintiff John Doe 6 shall, within five (5) days of the date of

this Order, comply with this Court's April 2, 2015 Order by producing all records from the six

(6) medical providers identified in "Exhibit A" to the University's Supplemental Motion to

Compel (Doc. No. 121). If Doe 6 fails to comply with this Order, Doe 6 shall be precluded from

arguing or offering evidence at any point in this case that he has since 2014 suffered, is currently

suffering, or will in the future suffer, any emotional, mental, or psychological harm as a result of

any action by defendants.

It is further ORDERED that plaintiff John Doe 6 shall pay defendant The Pennsylvania

University's costs and attorney's fees related to its Motion for Sanctions as well as the

University's Motion to Compel (Doc. No. 112) and the University's Supplemental Motion to Compel (Doc. No. 121).

IT IS SO ORDERED.

_____

J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6 | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action No. 13-0336 |
| THE PENNSYLVANIA STATE UNIVERSITY, | : |
| THE SECOND MILE, and GERALD | : |
| SANDUSKY, | : |
| Defendants. | : |

## DEFENDANT THE PENNSYLVANIA STATE UNIVERSITY'S MOTION FOR SANCTIONS AGAINST PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 37, defendant The Pennsylvania State University (the "University") moves this Court for sanctions against plaintiff John Doe 6 for violating this Court's April 2, 2015 Order which required that plaintiff produce all records from the six (6) medical providers identified in "Exhibit A" to the University's Supplemental Motion to Compel Discovery (Doc. Nos. 121 and 122). The University relies on the accompanying Memorandum of Law, which is incorporated into this motion.

WHEREFORE, the University respectfully requests that this Court grant the motion for sanctions and either:

1.      Order that plaintiff John Doe 6 shall be precluded from arguing or offering evidence at any point in this case that he has since 2014 suffered, is currently suffering, or will in the future suffer, any emotional, mental, or psychological harm as a result of any action by defendants; or

2.     Order plaintiff John Doe 6 to produce all records from the six (6) medical providers identified in "Exhibit A" to the University's Supplemental Motion to Compel (Doc. No. 121) within five (5) days of this Court's Order and, if Doe 6 fails to comply with this Order, John Doe 6 shall be precluded from arguing or offering evidence at any point in this case that he has since 2014 suffered, is currently suffering, or will in the future suffer, any emotional, mental, or psychological harm as a result of any action by defendants.

The University further requests that the Court award the University its costs and attorney's fees related to this motion as well as the University's Motion to Compel (Doc. No. 112) and the University's Supplemental Motion to Compel (Doc. No. 121) and grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

_____/s/ Robert C. Clothier_____
Robert C. Clothier
Alexander R. Bilus
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
215 972-7777

*Attorneys for Defendant The Pennsylvania State University*

Date: May 5, 2015

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN DOE 6 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 13-0336 |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, | : | |
| THE SECOND MILE, and GERALD | : | |
| SANDUSKY, | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE PENNSYLVANIA STATE UNIVERSITY'S MOTION FOR SANCTIONS AGAINST PLAINTIFF

This motion for sanctions arises from plaintiff John Doe 6 ("Doe 6")'s violation of the Court's April 2, 2015 Order (Doc. No. 123). That Order required, among other things, that Doe 6 produce all records from the six (6) medical providers identified in "Exhibit A" to the University's Supplemental Motion to Compel Discovery (Doc. No. 121).[1] Rather than complying with the Court's Order (or even seeking reconsideration of the Order), Doe 6 produced records from only two of the six medical providers and intentionally failed to produce records for three of the six medical providers,[2] contending—for the first time in this case and after his counsel sent numerous communications stating that he was attempting to collect and

---

[1]  To protect Doe 6's medical information, the University previously filed its Exhibits to its Supplemental Motion to Compel Discovery under seal. *See* Doc. Nos. 121 and 122.

[2]  One of the providers was Doe 6's primary pediatrician for at least the first decade of his life. In response to the Court's April 2, 2015 Order regarding this provider, Doe 6 simply produced a faxed note from the provider's office indicating that Doe 6 is not a *current* patient at the office, apparently content with this minimal effort to locate records in the hands of a provider who, without question, was one of Doe 6's doctors. Doe 6 was required to obtain and produce any records that might still exist from this provider's prior treatment of Doe 6. Doe 6 failed to do so.

produce these records to the University—that the three medical providers were "consultants" who would not be testifying, and that "their identity was inadvertently disclosed" to the University.

This after-the-fact (mis)characterization of important mental health providers – coming after months of delay and obfuscation and after the startling revelation that key records in the hands of other critical Doe 6 medical providers had been destroyed well after Doe 6 filed his lawsuit – lacked any credibility or justification. Doe 6 specifically, and in the ordinary course of discovery, identified those providers to the University as treating mental health providers, not consultants. Counsel for Doe 6 represented to the University on multiple occasions, and to this Court at oral argument, that he was affirmatively seeking records from those providers and would produce them to the University. At no time did Doe 6 object to the University's requests for records from those providers, nor did Doe 6 ever object to the University's subpoenas served on these providers. At no time did Doe 6 claim that these providers were "consultants" whose records were somehow shielded from discovery (or from this Court's Order).

When challenged by the University's attorneys, who threatened a motion to compel and for sanctions, Doe 6 did another complete about-face and withdrew his objection to the production of these medical providers' records. But Doe 6 never produced any records from these medical providers and remains in blatant violation of this Court's April 2, 2015 Order. Doe 6 has failed to provide any assurance that he will produce these records, if ever. Doe 6's purposeful failure to produce these key providers' medical records warrants severe sanctions.

## I.    BACKGROUND

Doe 6 brought the instant lawsuit against, *inter alia*, the University, alleging that he suffered physical and emotional harm, *e.g.*:

a.  he alleges he "has suffered and continues to suffer physical and emotional injuries" that "will likely require medical and psychological care for a lengthy period of time into the future. " (See First Amended Complaint (Docket No. 79) at ¶¶ 88-89).

b.  he alleges he "has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, public ridicule, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" and that he "has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling." (Id. at ¶¶ 57, 105, 122, 130, 149).

Accordingly, Doe 6 has placed his physical and mental health directly at issue in this case. Doe 6 explicitly promised to produce all of his medical records (including mental health records) since birth. Despite that promise, Plaintiff has since engaged in a year-long pattern of delay and failure to produce responsive documents. Plaintiff's gamesmanship and failures regarding production of his medical records have now continued even after the Court granted the University's Supplemental Motion to Compel Discovery.[3]

With regard to the three mental health providers whom Doe 6 now claims are "consultants," Doe 6 first disclosed the identities of two of the providers to the University in November 2014. *See Exhibit 1* (chart produced by Doe 6 to the University listing some of Doe 6's medical providers).[4] Doe 6 identified one of those providers (hereinafter identified as "MHP-1") as a treating psychologist whose dates of service for Doe 6 included January 2014 through the present. Doe 6 identified the second provider (hereinafter identified as "MHP-2") as a treating psychiatrist whose dates of service for Doe 6 included July 10, 2014 through September 8, 2014. *See id.* Doe 6 first identified the third mental health provider (hereinafter

---

[3]  For a more detailed history of Doe 6's discovery delays, inadequate productions, and failures to identify all relevant medical providers in contravention of Doe 6's promises and obligations, *see* the University's Motion to Compel Discovery (Doc. No. 112).

[4]  To protect Doe 6's health information, the University has filed its exhibits to this motion under seal.

identified as "MHP-3") in a chart, dated December 10, 2014, as a treating clinical psychologist whose dates of service for Doe 6 were not listed. *See Exhibit 2*, p. 6. According to Doe 6's counsel, the December 10, 2014 chart, attached as *Exhibit 2*, purportedly included all "the Health Care Providers who we believe may have provided care to our client and which tracks our contact/requests to those provides, as well as their responses to same."[5] *See Exhibit 2*, p. 1. The December 10, 2014 chart indicates that Doe 6 purportedly sent requests for records to MHP-1 and MHP-2, who work at the same organization in Colorado, for the first time on December 8, 2014 and sent a request for records to MHP-3 on October 3, 2012. *See Exhibit 2* at pp. 5-6. The column for dates of responses from those providers was blank, indicating that Doe 6 did not receive a response from those providers with regard to his requests for records. *See id.*

The University repeatedly complained to plaintiff about plaintiff's failure to produce medical records, specifically identifying numerous providers – including the three providers at issue here – in several letters sent to plaintiff's counsel, including letters on February 4, 2015 and March 4, 2015. In light of Doe 6's failure to produce records from a myriad of significant medical providers, the University independently subpoenaed numerous of Doe 6's medical providers, including MHP-1, MHP-2, and MHP-3. Notably, Doe 6 did not object after he was served with notices of subpoenas issued by the University seeking records from those three providers. Nor have these providers themselves lodged any objection. In response to its subpoena to MHP-1 and MHP-2, the University was informed on February 11, 2015 that those providers needed additional time to process the subpoena request. Those providers have not

---

[5]     The University quickly determined, and informed Doe 6, that the December 10, 2014 chart was significantly lacking and did not include all of Doe 6's significant medical providers, including mental health providers of whom the University had become aware through the University's review of Doe 6's limited records that were previously produced.

produced records to date. The University has received no response to the multiple subpoenas it has issued to MHP-3.

On February 12, 2015, the University filed its Motion to Compel Discovery (Doc. No. 112). In its Motion, the University moved this Court for an Order compelling Doe 6 to produce all medical records since birth and to identify all of Doe 6's medical providers. The University also noted that Doe 6's delay in doing so was actively prejudicing the University, in part due to the recent destruction of at least two significant mental health treatment providers' records long after Doe 6 filed this lawsuit and well before he disclosed the providers' identities to the University.

On March 23, 2015, a telephonic oral argument was held regarding the University's Motion to Compel. During the oral argument, counsel for the University specifically referenced Doe 6's failure to provide records from MHP-1 and MHP-2, although those providers were not referenced by name:

> MR. SCHWAB: ... by way of example, there are two mental health professionals in ... where the plaintiff now resides, where we understand there's active treatment. We still do not have those records.
>
> THE COURT: Where are those records, Mr. Penn?
>
> MR. PENN: We are trying to get those records. And, in fact, we're providing records on an ongoing basis ... .

*Exhibit B* to the University's Supplemental Motion to Compel, pp. 19-20 (Doc. No. 122) (previously filed under seal).

In response to Doe 6's repeated failure to provide records for numerous significant medical treatment providers, including mental health providers, the Court ruled during oral argument that Doe 6 must provide all records for the six (6) most significant medical providers known to the University at the time for whom Doe 6 had not yet provided records. *See Exhibit B*

to the University's Supplemental Motion to Compel at pp. 22, 23. The Court further ordered the University to submit a supplemental motion to compel with an order that memorialized the Court's rulings made during the oral argument.[6] The University filed its Supplemental Motion to Compel, memorializing the Court's rulings, on April 1, 2015 (Doc. No. 121). The University attached, under seal, its list of six (6) medical providers—including MHP-1, MHP-2 and MHP-3—as "Exhibit A" to its Supplemental Motion to Compel.

The Court granted the University's Supplemental Motion to Compel on April 2, 2015. The Court ordered, among other things, that Doe 6 "must produce all records from the six (6) medical providers identified in 'Exhibit A' to the University's [Supplemental Motion to Compel]." *See* the Court's April 2, 2015 Order (Doc. No. 123).[7]

On April 20, 2015, Doe 6 forwarded to the University the records for two of the six medical providers identified in the University's "Exhibit A" to its Supplemental Motion to Compel.[8] *See Exhibit* 3. In his cover letter, Doe 6 stated that "[t]he remaining Health Care

---

[6]     In light of the serious discovery issues, delays and destruction of certain significant records by at least two of Doe 6's medical providers, the Court also advised that it would issue an order that all of Plaintiff's medical records from birth to present must be maintained. *See Exhibit B* to the University's Supplemental Motion to Compel at p. 21 (Doc. No. 122) (previously filed under seal). Additionally, the Court advised that it would grant the University authorization to investigate the collection, maintenance, preservation and destruction of Plaintiff's medical records. *See id.* at pp. 13-18. Finally, in light of Doe 6's failure to disclose a complete list of his medical providers in response to the University's interrogatories, the Court ruled that Doe 6 must provide the University with a verified interrogatory response give a complete list of all of Doe 6's medical providers from birth to present.

[7]     The Court also ordered that the "University and Plaintiff must meet and confer to determine an appropriate deadline" for Doe 6 comply with the Court's Order "and thereafter submit an agreed upon proposed order for these deadlines." *Id.* On April 16, 2015, the parties filed an agreed upon proposed order providing that Doe 6 would, among other things, "[p]roduce all records from the six (6) medical providers identified in 'Exhibit A' to Defendant The Pennsylvania State University's Supplemental Motion to Compel Discovery" by April 20, 2015. *See* Doc. No. 126.

[8]     Doe 6 also produced a copy of a faxed note from another of the providers—Doe 6's primary pediatrician from at least 1986 through 1996—indicating that Doe 6 is not currently a patient of that office. *See Exhibit* 3 at pp. 1, 44. It is irrelevant, and comes as no surprise, that Doe 6, who lives in Colorado, is not a current patient of his prior primary pediatrician in Pennsylvania. Doe 6 was required to

Providers listed on Exhibit A to Defendant PSU's Motion to Compel [i.e., MHP-1, MHP-2, and MHP-3] are consultants and are not testifying; their identity was inadvertently disclosed." *See Exhibit 3* at p. 2. Doe 6 did not produce records for the remaining health care providers.

When challenged by the University's attorneys, who threatened a motion to compel and for sanctions, Doe 6 did another complete about-face and withdrew his objection to the production of these medical providers' records. But Doe 6 continues to fail to produce these providers' records in blatant violation of this Court's April 2, 2015 Order and has failed to provide any assurance that he will produce these records.

Accordingly, the University now files this motion seeking an Order from the Court imposing sanctions on Doe 6 and compelling Doe 6, once again, to produce all records from the medical providers identified in the University's "Exhibit A" to its Supplemental Motion to Compel.

## II.    ARGUMENT

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that the district court may enter sanctions "[i]f a party … fails to obey an order to provide or permit discovery." The Rule states that the Court may "issue further just orders," including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;

---

obtain and produce any records that might still exist from this provider's prior treatment of Doe 6. Doe 6 failed to do so.

> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). Rule 37 further provides that "instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[9] Fed.R.Civ.P. 37(b)(2)(C).

"The imposition of sanctions for abuse of discovery under Fed.R.Civ.P. 37 is a matter within the discretion of the trial court." *Newman v. GHS Osteopathic, Inc., Parkview Hospital Division*, 60 F.3d 153, 156 (3d Cir. 1995). "The choice of an appropriate sanction generally is committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974). "Discovery sanctions are intended to deter misconduct during discovery; a court deciding whether to impose such sanctions will consider the conduct of the parties during the discovery process." *Russo v. Abington Memorial Hosp. Healthcare Plan*, 907 F. Supp. 857, 863 (E.D. Pa. 1995); *see also Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 914 F. Supp. 1179 (E.D. Pa. 1996) (sanctions are intended to deter similar conduct); *Metal Marketplace, Inc. v. United Parcel Service, Inc.*, 733 F. Supp. 976, 981 (E.D.

---

[9]      Rule 37(a)(5) also provides that, if a motion to compel discovery is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an ward of expenses unjust." Fed.R.Civ.P. 37(a)(5) (emphasis added). Accordingly, Doe 6, or his attorneys, should be ordered to pay for the reasonable costs related to each of the University's motions to compel, which were each granted, as well as the instant motion for sanctions.

Pa. 1990) ("Such sanctions should be applied with diligence not only to penalize those whose conduct warrants it but also to deter the offending party and others from engaging in such conduct in the future.").

Doe 6's failure to produce records from the three mental health providers identified in the University's "Exhibit A" to its Supplemental Motion Compel is a blatant and direct violation of the Court's April 2, 2015 Order. Doe 6's new, and then withdrawn, contention that those key mental health providers are "consultants" whose identities were inadvertently disclosed was frivolous and contrary to Doe 6's attorney's prior representations to the University and this Court, *e.g.*:

- Doe 6's counsel disclosed the identities of those providers to the University between four to six months ago and listed them as treating mental health providers. *See Exhibits 1* and *2*.

- Doe 6's counsel represented to the University on multiple occasions, including through its December 10, 2014 chart, that Doe 6 had requested records from MHP-1 and MHP-2 in December 2014 and from MHP-3 in October 2012. *See Exhibit 2*, pp. 5-6.

- Doe 6's counsel stated during oral argument that he was actively seeking records from those providers and would produce them to the University. *See Exhibit B* to the University's Supplemental Motion to Compel, pp. 19-20.

Thus, Doe 6 affirmatively disclosed these providers' identities and explicitly promised to the University and this Court to obtain their records for production.

To be sure, Doe 6 never objected to the production of these providers' records. Doe 6 did not object to the University's requests for these providers' records from Doe 6. Doe 6 did not object to the University's subpoenas directed to each of these providers seeking their records (nor did the providers themselves lodge any objection to the production of their records yet they have failed to produce anything notwithstanding the University's subpoenas). Doe 6 never

claimed that these medical providers were "consultants" whose documents could be somehow shielded from discovery (or from this Court's Order).

Doe 6's repeated and continual failures to provide the University with his medical records, including—and most importantly—his mental health records (in addition to the documented destruction of several key mental health providers' records after the lawsuit was filed) is, and has been, materially prejudicing the University's ability to defend itself against Doe 6's claims. The records from MHP-1, MHP-2, and MHP-3 are the only recent mental health treatment records of which the University is aware. Undoubtedly, Plaintiff's recent and current mental health is extremely relevant to the issue of damages in this case. Plaintiff's failure to produce these medical providers' records plainly violates this Court's Order and supports the inference that Plaintiff is hiding documents and information that undermine Plaintiff's damages claims.

Plaintiff's repeated failure to produce these records and flagrant non-compliance with the Court's Order is harming the University's ability to take upcoming depositions and discovery. First, Doe 6's deposition cannot take place until all available records of his medical history and mental health are obtained. Second, a complete set of Doe 6's medical records, including mental health records, must be produced to the parties' experts for them to properly opine on Doe 6's medical history and condition as well as damages. The parties have scheduled independent medical evaluations of Doe 6 in late May, thus requiring any and all medical records prior to any evaluation. With these depositions and expert examinations imminent and the discovery deadline looming near (June 1),[10] the University needs these records now.

Accordingly, the University asks that this Court either:

---

[10] The University, with the consent of all parties, requested on May 1, 2015 that the Court extend the discovery deadline to September 25, 2015, in part because of Doe 6's failure to comply with this Court's April 2, 2015 Order.

1.    Order that Doe 6 shall be precluded from arguing or offering evidence at any point in this case that he has since 2014 suffered, is currently suffering, or will in the future suffer, any emotional, mental, or psychological harm as a result of any action by defendants; or

2.    Order plaintiff John Doe 6 to produce all records from the six (6) medical providers identified in "Exhibit A" to the University's Supplemental Motion to Compel (Doc. No. 121) within five (5) days of this Court's Order and, if Doe 6 fails to comply with this Order, Doe 6 shall be precluded from arguing or offering evidence at any point in this case that he has since 2014 suffered, is currently suffering, or will in the future suffer, any emotional, mental, or psychological harm as a result of any action by defendants.

The University further requests that the Court award the University its costs and attorney's fees related to this motion as well as the University's Motion to Compel (Doc. No. 112) and the University's Supplemental Motion to Compel (Doc. No. 121) and grant such other and further relief as the Court deems just and appropriate.

## III.    CONCLUSION

For the reasons stated herein, defendant The Pennsylvania State University respectfully requests that the Court grant the University's Motion and enter one of the two attached proposed Orders along with such other relief as the Court deems just and appropriate.

Respectfully submitted,

_____/s/ Robert C. Clothier_____
Robert C. Clothier
Alexander R. Bilus
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, PA  19102
215 972-7777
*Counsel for Defendant*
*The Pennsylvania State University*

Date:  May 5, 2015

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing document with ECF and it is available therein for download by counsel for all parties, who are ECF subscribers.

<div style="margin-left: 50%;">

_____/s/ Robert C. Clothier_____
Robert C. Clothier
Attorney for Defendant
The Pennsylvania State University

</div>

Date: May 5, 2015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6 | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action No. 13-0336 |
| THE PENNSYLVANIA STATE UNIVERSITY, | : |
| THE SECOND MILE, and GERALD | : |
| SANDUSKY, | : |
| Defendants. | : |

---

## CERTIFICATION PURSUANT TO LOCAL RULE 26(f)(1)

---

I, Robert C. Clothier, certify that defendant Pennsylvania State University has made a reasonable effort to resolve this dispute with plaintiff John Doe 6, but the parties have been unable to resolve the dispute.

_____/s/ Robert C. Clothier_____
Robert C. Clothier

Date: May 5, 2015

*EXHIBIT "1"*
*FILED UNDER SEAL*

*EXHIBIT "2"*
*FILED UNDER SEAL*

*EXHIBIT "3"*
*FILED UNDER SEAL*