UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Doe 6 | : Civil Action 2:13-cv-000336-AB |
|     Plaintiff | : |
| v. | : |
| | : |
| The Pennsylvania State University, et al. | : |
| | : |
|     Defendants | : |

**FILED**
MAY 15 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep Clerk

## MOTION TO QUASH SUBPOENA
## BY CENTRE COUNTY CHILDREN AND YOUTH SERVICES

NOW, comes Centre County Children and Youth Services agency by and through its attorney, James P. Johnson, Esquire, and respectfully states as follows:

1. Plaintiff has emailed a Notice of Subpoena upon the deponent's counsel on May 11, 2015, requesting testimony of employee, John R. Miller and in addition seeking various records and reports. See, Exhibit "A," attached and incorporated herein.

2. Notice of this deposition taken by way of subpoena is in violation of F.R.C.P. Rule 30(b) as the notice of seven days requesting oral deposition and documents is not reasonable pursuant to F.R.C.P. 30(b)(1) and (2).

3. The subpoena in question violates F.R.C.P. Rule 45(b)(3) as the notice fails to allow reasonable time to comply and requires disclosure of privileged and protected matter.

4. The documents as best that can be ascertained from the subpoena contain privileged and confidential information relating to documents and reports required to be maintained by the Pennsylvania statutory framework known commonly as The Child Protective Services Law (the "Act"). 23 Pa. Cons. Stat. § 6301 et seq.

5. In addition, the oral testimony required of John R. Miller seeks information that is confidential as information contained within the Centre County Children and Youth Services files as respect to <u>any information involving a minor child</u> is protected under the Pennsylvania statutes mentioned above.

6. Counsel for plaintiff was advised that there are no documents and reports existing at the time within the agency based on our best information and investigation even though we were not provided with the name of the individual or the name of this family prior to the scheduling of this deposition. However, upon information and belief, we believe this information is contained if anywhere at the Pennsylvania Department of Public Welfare. All such information that Mr. Miller may have in writing or any documents are privileged and confidential; however, they have been listed as unfounded and expunged and are not available from Mr. Miller at this time.

7. 23 Pa. C.S. § 6339 requires that all reports including but not limited to summaries of child abuse and written reports made relating to certain procedures regarding child abuse, <u>as well as any other information obtained</u>, concerning alleged instances of child abuse in the possession of the department or a county agency shall be confidential.

8. It is clear from the only document received by the agency and its employee at this time that any testimony or documents that may be remotely involved in this matter are confidential as already indicated.

9. In a certification pursuant to F.R.C.P. Rule 26(c), deponents requests that plaintiffs withdraw the requested subpoena since the matter claimed is privileged and confidential and that no documents such as those requested in the subpoena exist; however, plaintiffs have indicated that they are going forward in any event which would create an undue burden upon the deponent.

10. The subpoena violates F.R.C.P. 30(a)(2) as the taking of this deposition has not been stipulated to and the deposition is scheduled before the times specified in Rule 26(d). The deponent is not expected to leave the United States and be unavailable for examination in this country.

WHEREFORE, Movant Centre County Children and Youth Services respectfully requests that the court quash the aforementioned subpoena, or in the alternative, issue an appropriate protective order.

Respectfully submitted,

_____
James P. Johnson, Esq.
Attorney ID No. 17819
The Law Offices of James P. Johnson, Inc.
1901 East College Avenue
State College, PA 16801
Phone (814) 238-2702 and (814) 308-0928
Fax (814) 295-5344
Attorney for Centre County Children
and Youth Services

May 13, 2015

## CERTIFICATION OF SERVICE

I, James P. Johnson, Esquire, certify that on the __13__ day of May, 2055, I sent a true and correct copy of Motion to Quash Subpoena by Centre County Children and Youth Services by first-class mail, postage prepaid, to:

Jason B. Penn, Esquire
Howard A. Janet, Esquire
Kenneth M. Suggs, Esquire
Janet, Jenner & Suggs, LLC
1777 Reistertown Road, Suite 165
Baltimore, MD 21208

Robert Clothier, Esquire
Alexander R. Bilus, Esquire
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Charles J. Benjamin, Jr., Esquire
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Howard A. Rosenthal, Esquire
Patrick J. Doran, Esquire
Archer & Greiner, PC
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103

Bryan C. McElvaine, Esquire
Campbell Campbell Edwards & Conroy
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312

Danielle M. Karcich, Esquire
McCarter & English, LLP
BNY Mellon Center, Suite 700
1735 Market Street
Philadelphia, PA 19103

_____
James P. Johnson, Esquire

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| John Doe 6 | ) | |
|---|---|---|
| *Plaintiff* | ) | Civil Action No. 2:13-cv-000336-AB |
| v. | ) | |
| The Pennsylvania State University, et al. | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: John R. Miller, Children & Youth Services, Centre County, Pennsylvania, 420 Holmes Street, Bellefonte, PA 16823

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Plaintiff's Notice of Videotaped Deposition Duces Tecum.

| Place: Sargent's Court Reporting Service, 301 S. Allen St., Ste. 105, State College, PA 16801 ~~814-861-3560~~ | Date and Time: Friday, May 22, 2015; 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: Videotape and transcription of oral deposition.

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule of Documents attached to Plaintiff's Amended Notice of Videotaped Deposition Duces Tecum.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 5/7/2015

CLERK OF COURT

*[signature]*   OR   _____
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* John Doe 6, who issues or requests this subpoena, are:

Howard A. Janet, Esq., Kenneth M. Suggs, Esq., and Jason B. Penn, Esq.
Janet, Jenner & Suggs, LLC
1777 Reisterstown Road, Suite 165
Baltimore, MD 21208
410-653-3200

Exhibit "A"

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Doe 6 | : Civil Action 2:13-cv-000336-AB |
|     Plaintiff | : |
| v. | : |
| | : |
| The Pennsylvania State University, et al. | : |
| | : |
|     Defendants | : |

**BRIEF OF CENTRE COUNTY CHILDREN AND YOUTH SERVICES
IN BEHALF OF THEIR MOTION FOR PROTECTIVE ORDER**

1. **Facts and Procedural History**

    Deponent incorporates all of the facts and arguments contained within its motion for protective order filed in this case. Centre County Children and Youth Services (hereafter "CYS") has filed a motion for protection with respect to <u>any information</u> involving a minor child and asserts that Mr. Miller as an employee of CYS cannot testify without court ordered protection if such testimony would devolve confidential information protected by Pennsylvania statute, specifically 23 Pa. C.S. §6340.

    The Federal Rules protect information that is privileged and CYS asserts the requested information—both orally from its caseworker Mr. Miller and by document request (which is not available upon information and belief)—is protected by statutory privilege in the Commonwealth of Pennsylvania. Specifically at 55 Pa. Code §3130.44 provides that information used to identify a child or parent by name, address and information contained in a case record is confidential. "<u>A staff person may not disclose or make use of information concerning the child or the parents other than in the course of the performance of his or her duties.</u> At ¶(d). Information can be released upon request to enumerated persons identified . . ."

    It is clear by statute and regulation that the plaintiff in this case has not asserted that they are enumerated and an enumerated entity allowed to receive confidential information. Mr. Miller as employed by CYS would violate the confidentiality regulations and statutes of the Commonwealth of Pennsylvania in answering any questions and providing information in writing or otherwise that plaintiffs are requesting.

    See, also, the case of <u>VBT v. Family Services of West. Pa.</u>, 705 A.2d 1325, 1333 (Pa. 1999).

    From the statutes and regulations promulgated thereunder, it is clear that a privilege exists in this case to shield both the information concerning a subject child and from eliciting any testimony regarding the information required to be kept by CYS to include all matters regarding its investigations, information and reports compiled as required by the Child Protective Services

law, 23 Pa.Cons.Stat.Ann. §6301 et seq.

### 2. Conclusion

CYS respectfully requests that the subpoena requiring information concerning any subject minor child, and the purported victim #6, plaintiff in this matter, be quashed as it violates Pennsylvania statutes and regulations, and that any subpoena requesting information from Mr. John Miller relating to confidential information must be quashed.

Respectfully submitted,

_____
James P. Johnson, Esq.
Attorney ID No. 17819
The Law Offices of James P. Johnson, Inc.
1901 East College Avenue
State College, PA 16801
Phone (814) 238-2702 and (814) 308-0928
Fax (814) 295-5344
Attorney for Centre County Children and Youth Services

May 13, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

John Doe 6                                          : Civil Action 2:13-cv-000336-AB
      Plaintiff                                     :
  v.                                                :
                                                    :
The Pennsylvania State University, et al.           :
                                                    :
      Defendants                                    :

## ORDER FOR PROTECTION

    AND NOW, this _____ day of _____, 2015, upon the deponant's motion to quash the subpoena issued by plaintiff, or in the alternate for an appropriate protection order,

    IT IS HEREBY ORDERED AND DECREED that the subpoena and deposition scheduled to be held on Friday, May 22, 2015 at the location and at the time is hereby ordered postponed.

    Plaintiffs are hereby directed to respond to deponent's objections claiming privilege within thirty (30) days addressing those issues.

    It is further ORDERED that any scheduled deposition by way of subpoena provide at least thirty (30) days notice to deponent in lieu of agreement between all parties.

_____

Dated: _____