Case 2:13-cv-00336-AB   Document 153   Filed 07/21/15   Page 1 of 17

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY, THE SECOND MILE, and GERALD SANDUSKY,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:  Civil Action No. 13-0336<br>:<br>:<br>:<br>:<br>: |

**ORDER**

AND NOW, this _____ day of _____, 2015, upon consideration of defendant The Pennsylvania State University's Motion to Compel Discovery from Plaintiff (the "Motion") and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

It is further ORDERED that plaintiff John Doe 6 shall, within five (5) days of the date of this Order, produce all documents and information responsive to Interrogatory Nos. 6, 7, and 8 from Defendant's Interrogatories and Requests for Production of Documents Directed To Plaintiff John Doe 6 Pursuant to the Court's April 2, 2015 Order.

It is further ORDERED that pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) plaintiff John Doe 6 shall pay defendant The Pennsylvania State University's reasonable expenses incurred in making the Motion, including attorney's fees.

Failure to comply with this Order shall subject Plaintiff to sanctions upon further Order of the Court.

IT IS SO ORDERED.

_____
J.

Case 2:13-cv-00336-AB   Document 153   Filed 07/21/15   Page 2 of 17

-2-

IT IS SO ORDERED.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY, THE SECOND MILE, and GERALD SANDUSKY,<br><br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 13-0336<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT THE PENNSYLVANIA STATE UNIVERSITY'S
## MOTION TO COMPEL DISCOVERY

Pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 26.1, Defendant The Pennsylvania State University (the "University") moves this Court for an Order compelling Plaintiff John Doe 6 to provide full and complete responses to the University's Interrogatory Nos. 6, 7, and 8 from *Defendant's Interrogatories and Requests for Production of Documents Directed To Plaintiff John Doe 6 Pursuant to the Court's April 2, 2015 Order* and to pay the University's reasonable expenses, including attorney's fees, incurred in making this motion, as required by Rule 37(a)(5)(A). The University relies on the accompanying Memorandum of Law, which is incorporated into this motion.

Defendant The Pennsylvania State University respectfully requests that the Court grant the University's Motion and enter the attached Order.

Respectfully submitted,

/s/ Robert C. Clothier
Robert C. Clothier
Alexander R. Bilus
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
215 972-7777

*Attorneys for Defendant The Pennsylvania State University*

Date: July 21, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY, THE SECOND MILE, and GERALD SANDUSKY,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 13-0336<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT THE PENNSYLVANIA STATE UNIVERSITY'S
<u>MOTION TO COMPEL DISCOVERY</u>**

**I.    INTRODUCTION**

In the past five months, and including this motion, Defendant The Pennsylvania State University (the "University") has been forced by Plaintiff to file four motions to compel discovery from Plaintiff and a motion for sanctions arising out of Plaintiff's failure to comply with a discovery order. (*See* Doc. Nos. 112, 127, 130, 132). At issue here is information relevant to Plaintiff's failure to preserve relevant medical records and the destruction of numerous such medical records <u>after</u> Plaintiff brought his lawsuit.

The University served document requests and interrogatories ("Spoliation Discovery Requests") pursuant to this Court's April 2, 2015 Order, which broadly authorized the University to take discovery relating to Plaintiff's efforts – or lack thereof – to preserve relevant medical records. In response to the University's Court-authorized Spoliation Discovery Requests, Plaintiff asserted broad objections and failed to produce a single document. Thereafter, when

pressed by the University's counsel, Plaintiff's counsel promised to provide a supplemental response that would reflect his willingness to provide additional documents and information. Despite continued efforts by the University, Plaintiff continues to improperly object to the University's discovery requests for information relating to Plaintiff's duty to preserve documents—as authorized by the Court—including information regarding the time at which Plaintiff first contacted an attorney with regard to bringing this lawsuit and first considered contacting the University with regard to bringing a potential claim. This information is relevant to determining exactly when Plaintiff's duty to preserve documents arose. Plaintiff's objections based on the attorney-client privilege are meritless, and the University respectfully requests that the Court order Plaintiff to fully respond to these requests.

The University therefore brings this Motion seeking an Order that would compel Plaintiff John Doe 6 to provide full and complete responses to the University's Interrogatory Nos. 6, 7, and 8 from *Defendant's Interrogatories and Requests for Production of Documents Directed To Plaintiff John Doe 6 Pursuant to the Court's April 2, 2015 Order* and to pay the University's reasonable expenses, including attorney's fees, incurred in making this motion, as required by Rule 37(a)(5)(A).

## II.   RELEVANT PROCEDURAL BACKGROUND

As the Court is aware, the University has encountered recurring and significant difficulties obtaining Plaintiff's medical records, in no small part due to Plaintiff's apparent failures to preserve those records and to timely direct his medical providers to preserve those records. These records already have been the subject of a Motion to Compel (Doc. No. 112), a Supplemental Motion to Compel (Doc. No. 121), and, subsequently, the pending Motion for

Sanctions (Doc. No. 130) in light of Plaintiff's violation of the Court's April 2, 2015 Order to produce certain medical records and his continued refusal to do so.

In its April 2, 2015 Order granting the University's Supplemental Motion to Compel, in addition to ordering Plaintiff to produce medical records related to six of his medical providers—and Plaintiff's failure to comply with that provision of the order is addressed in the University's Motion for Sanctions referenced above—the Court also ordered, in pertinent part:

> The University is authorized to fully investigate the collection, maintenance, preservation and destruction of Plaintiff's medical records in this case, including efforts made by Plaintiff and Plaintiff's counsel to locate and preserve Plaintiff's medical records, and, for some or all of the records that no longer exist, when, how and why the records were discarded, destroyed or lost. Such authorization includes, but it not limited to, the University's ability to conduct depositions and serve document requests and other discovery requests related to this issue. The University may also seek discovery from Plaintiff's medical providers regarding the contents of any previously existing records relating to Plaintiff.

April 2, 2015 Order (Doc. No. 123).

On April 8, 2015, pursuant to and consistent with this Court's April 2, 2015 Order, the University served its Interrogatories and Requests for Production of Documents Directed to Plaintiff John Doe 6 Pursuant to the Court's April 2, 2015 Order (the "Spoliation Discovery Requests"). A copy of the Spoliation Discovery Requests is attached hereto as Exhibit A.

As had been authorized by the Court, the Spoliation Discovery Requests directed Plaintiff to provide information and documents relating to the efforts made by Plaintiff or anyone acting on his behalf to locate, collect, preserve, maintain, and/or destroy any documents concerning Plaintiff's medical history. *See generally* Exhibit A. The Spoliation Discovery Requests also directed Plaintiff to provide information relevant to the date when Plaintiff's duty to preserve and maintain his medical records first arose. Specifically, Interrogatory Nos. 6 through 8 provided as follows:

> 6. *State the date on which you, your parents or anyone on your behalf first contacted any attorney in connection with any potential claim or lawsuit against any of the persons or organizations that are now defendants in this lawsuit.*
>
> 7. *State the date on which you, your parents, your attorneys, and/or anyone acting on your behalf first considered or contemplated bringing, initiating or filing a claim or lawsuit against any of the persons or organizations that are now defendants in this lawsuit.*
>
> 8. *State the date on which you, your parents, your attorneys, and/or anyone acting on your behalf first considered contacting PSU in connection with any actual or potential claims or lawsuit relating to the incident at issue.*

Exhibit A.

On May 8, 2015, Plaintiff served his Responses and Objections to the Spoliation Discovery Requests. A copy of Plaintiff's Responses and Objections is attached hereto as Exhibit B. Plaintiff did not produce any documents in response to the University's Spoliation Discovery Requests at that time. Additionally, Plaintiff refused to answer most of the University's Interrogatories. With regard to Interrogatory Nos. 6 through 8, Plaintiff objected on attorney/client privilege and relevance grounds. Thereafter, Plaintiff promised to reconsider his objections. On Friday, May 15, Plaintiff's counsel promised that he would provide by Monday, May 18th a supplemental response to the Spoliation Discovery Requests. Plaintiff did not serve his Supplemental Answers and Responses until May 27, 2015, in which Plaintiff answered some of the Interrogatories and produced some documents responsive to the University's requests. A copy of Plaintiff's Supplemental Responses and Objections is attached hereto as Exhibit C. However, Plaintiff continued to refuse to answer Interrogatory Nos. 6 through 8. On July 7, 2015, Plaintiff promised again to supplement his response to Interrogatory No. 7 within the next ten days to indicate when he first considered filing a lawsuit, but Plaintiff broke his promise and

failed to produce this information by July 17. Furthermore, Plaintiff has continued to refuse, on the basis of attorney-client privilege, to respond to Interrogatory Nos. 6 and 8.

Plaintiff's failure to fully and completely respond to the Spoliation Discovery Requests is without justification. The Court's Order authorized the University to obtain discovery relating to the possible spoliation of evidence and granted the University the right to seek discovery directly from Plaintiff and his counsel as well as from Plaintiff's medical providers. Plaintiff has no basis to refuse to fully and completely respond to the Spoliation Discovery Requests. Indeed, the date on which Plaintiff or others acting on his behalf first contacted an attorney is not protected by the attorney-client privilege, nor is the date on which Plaintiff or others acting on his behalf first contemplated contacting the University in connection with any potential claims.

### III. ARGUMENT

#### A. This Court Should Order Plaintiff to Provide Information Relating to When He First Contacted, or First Considered Contacting, An Attorney or the University Regarding A Potential Claim—Information That Is Not Privileged and Is Highly Relevant to When Plaintiff's Duty to Preserve Relevant Evidence Arose.

Plaintiff has improperly objected and failed to respond to the University's Interrogatory Nos. 6, 7, and 8, which directed Plaintiff to provide information relating to the date when Plaintiff's duty to preserve and maintain his medical records first arose. The University's **Interrogatory Nos. 6, 7, and 8** provided as follows:

6. *State the date on which you, your parents or anyone on your behalf first contacted any attorney in connection with any potential claim or lawsuit against any of the persons or organizations that are now defendants in this lawsuit.*

7. *State the date on which you, your parents, your attorneys, and/or anyone acting on your behalf first considered or contemplated bringing, initiating or filing a claim or lawsuit against any of the persons or organizations that are now defendants in this lawsuit.*

> 8. *State the date on which you, your parents, your attorneys, and/or anyone acting on your behalf first considered contacting PSU in connection with any actual or potential claims or lawsuits relating to the incident at issue.*

Exhibit A.

In response to each of the University's Interrogatory Nos. 6, 7, and 8, Plaintiff objected on the purported grounds that the requests allegedly "call[ed] for information protected by attorney client privilege" and were "not calculated to lead to the discovery of admissible evidence." *See* Exhibits B and C. Plaintiff's objections are entirely unfounded and should be overruled.

First, the attorney-client privilege is inapplicable to the University's Interrogatory Nos. 6, 7, and 8. The attorney-client privilege "protects from disclosure communications between an attorney and a client made in connection with providing or obtaining legal services." *Bare v. Cruz*, No. CIV.A. 10-4546, 2012 WL 1138591, at *3 (E.D. Pa. Apr. 2, 2012) (citing *Wise Invs., Inc. v. Bracy Contracting, Inc.*, No. 01–3458, 2002 WL 31955990, at *1 (E.D. Pa. Oct. 23, 2002)). The privilege "applies to: '(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.'" *Id.* (quoting *In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011)). However, "courts have held that where the question at issue only seeks whether a communication actually occurred and not to the substance of the communication, the attorney-client privilege does not apply." *Howard v. Rustin*, No. CIVA 06-00200, 2008 WL 1925102, at *2 (W.D. Pa. Apr. 30, 2008).

Here, the University is not seeking the substance of communications between Plaintiff and his attorneys. Rather, the University has requested that Plaintiff state the date on which he, or anyone acting on his behalf, first considered contacting an attorney or the University in connection with any alleged or potential claims regarding the incident as issue or first considered

-6-

bringing a claim. The date on which Plaintiff first considered bringing a claim regarding the matters in this lawsuit is not privileged. Nor is the date on which Plaintiff or anyone acting on his behalf first considered contacting an attorney or the University in relation to any actual or potential claims regarding the incident at issue. Additionally, the fact that any communications occurred between Plaintiff and his attorneys is not privileged. Indeed, such information, including: date of communication, individuals involved, and a brief "description of the subject matter of the document with information sufficient to demonstrate the existence of the attorney-client privilege" is typically required for purposes of a privilege log and is not itself privileged. *Med. Tech., Inc. v. Breg, Inc.*, No. 10-MC-00100, 2010 WL 3734719, at *5 (E.D. Pa. Sept. 21, 2010). Accordingly, Plaintiff's objection to the University's Interrogatory Nos. 6, 7, and 8 on the ground of attorney-client privilege should be overruled.

Next, Plaintiff's objection that the University's Interrogatory Nos. 6, 7, and 8 are "not calculated to lead to the discovery of admissible evidence" is simply wrong. Exhibit C. The purpose of those interrogatories is to discover at what point in time Plaintiff reasonably foresaw, or should have reasonably foreseen, litigation. Such information is relevant to the determination of precisely when Plaintiff's duty to preserve evidence arose. For purposes of determining whether a party has spoliated evidence, a court must first identify the date on which the party's duty to preserve evidence arose. Courts in this circuit and elsewhere have recognized that "[t]he duty to preserve evidence begins when the litigation is pending or reasonably foreseeable." *First Sr. Fin. Group LLC v. Watchdog*, No. 12-cv-1247, 2014 WL 1327584, at *9 (E.D. Pa. Apr. 3, 2014) (citing *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011)). Indeed, "[u]nlike defendants, plaintiffs may be imputed notice of the duty to preserve potentially relevant evidence prior to the filing of the complaint" because "[p]laintiffs are 'in control of when the

litigation is to be commenced' and must necessarily anticipate litigation before the complaint is filed." *Cyntegra, Inc. v. Idexx Laboratories, Inc.*, No. CV 06-4170, 2007 WL 5193736, at *3 (C.D. Cal. Sept. 21, 2007), *aff'd*, 322 F. App'x 569 (9th Cir. 2009) (*quoting Hynix Semiconductor, Inc. v. Rambus Inc.*, No. C-00-20905 RMN, 2006 U.S. Dist. LEXIS 30690, at *58 (N.D. Cal. Jan. 4, 2006)). Thus, the University's Interrogatory Nos. 6, 7, and 8, which directed Plaintiff to provide information relating to the date when Plaintiff's duty to preserve and maintain his medical records first arose, are undeniably relevant and reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the University respectfully requests that Plaintiff be ordered to respond fully to those Interrogatories.

## CONCLUSION

Accordingly, the Court should compel Plaintiff to produce all documents and information responsive to the University's Interrogatory Nos. 6, 7, and 8 from *Defendant's Interrogatories and Requests for Production of Documents Directed To Plaintiff John Doe 6 Pursuant to the Court's April 2, 2015 Order* and to pay the University's reasonable expenses, including attorney's fees, incurred in making this motion, as required by Rule 37(a)(5)(A).

Respectfully submitted,

/s/ Robert C. Clothier
Robert C. Clothier
Alexander R. Bilus
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, PA  19102
215 972-7777

*Counsel for Defendant*
*The Pennsylvania State University*

Date:  July 21, 2015

## **CERTIFICATE OF SERVICE**

I certify that I have filed the foregoing documents with ECF and it is available therein for download by counsel for all parties, who are ECF subscribers.

                                                /s/ Robert C. Clothier
                                                Robert C. Clothier
                                                Attorney for Defendant
                                                The Pennsylvania State University

Date: July 21, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 6<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY, THE SECOND MILE, and GERALD SANDUSKY,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:  Civil Action No. 13-0336<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

CERTIFICATION PURSUANT TO LOCAL RULE 26.1(f)

I, Robert C. Clothier, certify that defendant Pennsylvania State University has made a reasonable effort to resolve this dispute with plaintiff John Doe 6, but the parties have been unable to resolve the dispute. The University has repeatedly requested full responses to the interrogatories and document requests at issue. We have reached an impasse regarding these discovery requests.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Robert C. Clothier
　　　　　　　　　　　　　　　　　　　　　　　　Robert C. Clothier

Date:  July 21, 2015

**EXHIBIT A
FILED UNDER SEAL**

**EXHIBIT B**
**FILED UNDER SEAL**

# EXHIBIT C
# FILED UNDER SEAL